### JOHN A. BARR *v.* J. B. ELDER, ET AL.

**Insolvency Within the Meaning of Act of 1856.**

> Insolvency within the meaning of the Act of 1856 means inability to pay one's debts. It is not enough to show that the debtor did not have property subject to execution in the county of his residence sufficient to pay all of his liabilities.

#### APPEAL FROM DAVIESS CIRCUIT COURT.

November 21, 1879.

OPINION BY JUDGE COFER:

Waiving all other questions made in the argument, the judgment must be affirmed because there is no evidence that Elder violated the statute. The only evidence conducing to prove that he was insolvent, or that he contemplated insolvency when he executed the mortgage, is a simple return of "nulla bona" on an execution.

This is for some purposes sufficient evidence of insolvency, but it is not sufficient under the act of 1856. The return only proves that he had no property in Daviess county subject to execution, but it falls very far short of proving that he was insolvent or contemplated becoming so. He may have had ample means in Daviess county to pay all his debts, or he may have had amply tangible property in an adjoining county. Insolvency within the meaning of the Act of 1856 means inability to pay one's debts. It is not sufficient to show that the debtor did not have property subject to execution in the county of his residence sufficient to pay all his liabilities.

Judgment *affirmed.*

*Riley, Jolly & Walker, for appellant.*

*Sweeney & Son, for appellees.*